**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETROLEUM MARKETING GROUP, INC., | : | |
| | : | |
| Plaintiff, | | CIVIL ACTION NO. 3:26-CV-587 |
| | : | |
| v. | | (JUDGE MANNION) |
| | : | |
| JANKI PATEL, VISHAL PATEL, JAY SHREE KHODIYAR LLC, | : | |
| | | |
| Defendants. | : | |

**MEMORANDUM**

Presently, the matter before the Court is Janki Patel's, Vishal Patel's, and Jay Shree Khodiyar LLC's (collectively, "Defendants") motion to dismiss Petroleum Marketing Group's ("Plaintiff") unjust enrichment claim. (**Doc. 12**). For the reasons set forth below, Defendants' motion will be **DENIED**.

## I.    BACKGROUND

The underlying cause of action is before the Court pursuant to the Complaint, brought by Plaintiff on March 9, 2026, alleging breach of contract ("Count I") and unjust enrichment ("Count II"). (Doc. 1). According to Plaintiff, on August 1, 2017, a supply agreement titled "Complete Contract of Sale (Branded)" ("Supply Agreement") was signed by Plaintiff and Defendant Jay Shree Khodiyar ("JSK"), LLC. (*Id.*, ¶1). Defendants Patel and Vishal became

personal guarantors of the Supply Agreement obligations on March 20, 2024. *Id., ¶2.*

Plaintiff alleges that an additional agreement was entered into at the same time the Supply Agreement was signed. *Id.*, ¶19. This agreement ("Amortization/Repayment Agreement") maintained that Plaintiff would pay for materials, improvements, and branding for Defendants' premises, unless the Defendant breached the Supply or Repayment agreements or "there ceased to be a Contract of Sale in effect . . . for any reason," in which case, "the repayment obligations [to Plaintiff] would be triggered." *Id., ¶19.*

Plaintiff alleges that Defendants breached the Supply Agreement by failing to purchase the minimum quantity of 5,040,000 gallons (60,000 gallons monthly) of motor fuel during the seven-year term outlined in the Supply Agreement. *Id.*, ¶¶10, 12. The Complaint states that if Defendants did not purchase the minimum quantity during this term, the Supply Agreement would "automatically extend on a month-to-month basis" until the minimum quantity was met or "could be terminated by [Plaintiff]." *Id.*, ¶¶10, 15. Plaintiff discovered this alleged breach during a visit to Defendants' premises on February 17, 2026, finding that the station had been closed since September 23, 2025. *Id.,* ¶¶31-32. On February 25, 2026, Plaintiff sent

Defendants a "Demand and Termination Notice" in response to the alleged breach. *Id.*, ¶35.

Plaintiff commenced the underlying action on March 9, 2026, seeking $323,004.54 from Defendants for lost profits from breach of the Supply Agreement. (Doc. 1). On May 4, 2026, Defendants filed the instant motion to dismiss Count II of the complaint with prejudice, (Doc. 12), and a brief in support of the motion, (Doc. 13). On May 27, 2026, Plaintiff filed a brief in opposition to Defendants' motion. (Doc. 14). Defendants filed a reply brief in support of their motion on June 10, 2026. (Doc. 20). This matter is now ripe for disposition.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint that contains only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8. *Id.*

- 3 -

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not require probability but "more than a sheer possibility that

- 4 -

a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

As noted above, the Court at this stage accepts the complaint's factual allegations as true. This tenet "is inapplicable to legal conclusions." *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The federal pleading standard just described requires that district courts "conduct a two-part analysis:"

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

In considering a motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the Court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

## III.   DISCUSSION

Defendant argues that Count II of Plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff's Count II is based upon Defendants' alleged breach of valid, enforceable contracts. (Doc. 12). The Court addresses this argument and holds that it is without merit.

"Federal Rule of Civil Procedure 8(d) expressly permits pleading in the alternative; therefore, the fact that [Plaintiff] has pleaded the existence of a contract is not a basis for dismissing, on a Rule 12(b)(6) motion, an unjust enrichment claim." *Grasso Foods, Inc. v. Wynn Env't Sales Co.*, No. CV 17-6430 (RMB/AMD), 2018 WL 3455479, at *4 (D.N.J. July 18, 2018). Under Pennsylvania law, however, "a plaintiff may not recover under a theory of unjust enrichment if the parties' relationship is governed by a written contract, though they may plead this claim in the alternative when there is a dispute about the existence or validity of a contract." *Buccigrossi v. Thomas Jefferson Univ.*, No. 21-CV-0221-JMY, 2022 WL 1093127, at *4 (E.D.Pa. Apr. 12, 2022).

In *Innospec Fuel Specialties, LLC v. Isochem N. Am., LLC*, the court held that when the "defendant has not yet answered the Complaint," he or she "has not yet admitted to the existence and enforceability of the contract." No. CV 10-1642 (AET), 2010 WL 11570284, at *4 (D.N.J. Aug. 23, 2010). When the existence and enforceability of a contract are not yet confirmed by the moving party, "the Court will not assume, upon a motion to dismiss, that the contract will be found to be valid and enforceable." *Id.* at *4. "By allowing parties to plead inconsistent theories of recovery, [Federal Rule of Civil Procedure 8(d)] safeguards the pleader from foregoing potentially

- 7 -

meritorious claims while he or she is still 'legitimately uncertain as to the relevant facts.'" *Kindred Hosps. E., LLC v. Keystone Fam. Health Plan*, No. CV 25-1563, 2026 WL 370946, at *4 (E.D.Pa. Feb. 10, 2026) (internal citation omitted).

In their reply brief, Defendants compare the present case to *Lomma v. Ohio National Life Assurance Corporation*, which was also brought in the Middle District of Pennsylvania. 283 F.Supp.3d 240 (M.D.Pa. 2017). In *Lomma*, Judge Robert D. Mariani granted a motion to dismiss an unjust enrichment claim. *Id.* at 265. Judge Mariani reasoned:

> Plaintiffs' Complaint alleges the existence of an express written contract between Ms. Lomma and the Defendants, [who] do not deny that the Replacement Policy is a valid, written, enforceable contract. Because it is undisputed that the relationship between the parties is governed by an express written contract, Plaintiffs' claims for unjust enrichment . . . must necessarily fail.

*Id.* (internal citations and quotation marks omitted).

The instant case is distinguishable from *Lomma* because there is presently a dispute over the existence and validity of the Supply Agreement and additional contracts alleged in the Complaint. (Doc. 1). The Defendants do not admit to the validity and enforceability of the disputed contracts in either the motion to dismiss, (Doc. 12), nor the briefs in support of the motion,

- 8 -

(Docs. 13, 20). Defendants offer only that "Plaintiff has not alleged that there are any disputes as to the validity of the contracts at issue in the Complaint." (Doc. 12, ¶8). This does not amount to an affirmative statement that Defendants acknowledge the validity alleged in the Compliant or that there is no dispute as to the existence and enforceability of such contracts.

When accepting all of the facts alleged in the complaint as true, there appears to be an unresolved dispute as to the existence of the relevant contracts. Accordingly, dismissing the alternative unjust enrichment claim at this stage would be premature. *Kindred Hosps. E., LLC,* 2026 WL 370946, at *4. In discovery, the existence and validity of the disputed contract(s) may be established. Defendants may re-raise this argument at the summary judgment stage, if applicable.

## IV.   CONCLUSION

The Court concludes that Plaintiff has stated an alternative claim that is plausible based on a dispute in Count I. Therefore, Defendants' motion to dismiss Count II, **(Doc. 12)**, will be **DENIED.** An appropriate order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 14, 2026**

- 10 -